UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES CHEN,<br><br>    Petitioner,<br><br>    v.<br><br>PAUL THOMPSON,<br><br>    Respondents. | No. 2:21-cv-01796-DAD-DB (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DISMISSING HABEAS PETITION DUE TO PETITIONER'S FAILURE TO PROSECUTE<br><br>(Doc. No. 10) |

    Petitioner James Chen is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

    On August 24, 2022, the assigned magistrate judge issued findings and recommendations recommending that this action be dismissed, without prejudice, due to petitioner's failure to prosecute this action. (Doc. No. 10.) In particular, the service copy of the court's order dated April 19, 2022, which was mailed to petitioner at his address of record, was returned to the court as undeliverable, "no longer here." Petitioner was therefore required by Local Rule 183 to file a notice of his change of address with the court no later than August 18, 2022. To date, petitioner has not filed a notice of his change of address or otherwise communicate with the court. The findings and recommendations were served upon the parties and contained notice that any

1

objections thereto were to be filed within thirty (30) days after service. (*Id.* at 1.) To date, petitioner has not filed any objections and the time in which to do so has passed.[1]

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, the court concludes that the pending findings and recommendations are supported by the record and proper analysis.

Having concluded that the pending petition must be dismissed, the court also declines to issue a certificate of appealability. A petitioner seeking writ of habeas corpus has no absolute right to appeal; he may appeal only in limited circumstances. *See* 28 U.S.C. § 2253; *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). If a court denies a petitioner's petition, the court may only issue a certificate of appealability when a petitioner makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). Where, as here, the court denies habeas relief on procedural grounds without reaching the underlying constitutional claims, the court should issue a certificate of appealability "if jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In the present case, the court finds that reasonable jurists would not find the court's determination that the pending petition must be dismissed to be debatable or wrong. Thus, the court declines to issue a certificate of appealability.

Accordingly,

1. The findings and recommendations issued on August 24, 2022 (Doc. No. 10) are adopted in full;
2. The petition for writ of habeas corpus (Doc. No. 1) is dismissed;
3. Respondents' motion to dismiss (Doc. No. 7) is denied as having been rendered moot by this order;

/////

/////

---

[1] The service copy of the findings and recommendations, which was mailed to petitioner at his address of record, was again returned to the court as "undeliverable."

4. The court declines to issue a certificate of appealability; and

5. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:   **November 6, 2022**

_Dale A. Drozd_
UNITED STATES DISTRICT JUDGE